IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

TONY L. WEBB                                                                                          PLAINTIFF

V.                                                                                               NO. 1:11CV082-A-S

BRAND HUFFMAN, et. al                                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged a failure to protect claim. Specifically, the plaintiff stated that on October 22, 2011, he had a verbal argument with another inmate over the television. The argument escalated and the inmate attacked the plaintiff. The plaintiff explained that he was grabbed from behind and placed in a choke hold. The plaintiff suffered a dislocated shoulder as a result of the struggle. The plaintiff, further claimed, that numerous officers were standing nearby watching the two men fight and did nothing to intervene. Following the incident, the plaintiff was taken to the hospital and received treatment for his shoulder. Later, the plaintiff received a rule violation report ("RVR") for fighting. For relief for this perceived transgression, the plaintiff is seeking compensatory damages and asked that the RVR be expunged from his record.

## RESPONDEAT SUPERIOR

The plaintiff has named three defendants one of whom is the warden Brand Huffman. At the *Spears* hearing, the plaintiff essentially admitted that Huffman had no personal involvement in the events giving rise to his complaint. Rather, the plaintiff explained that he had written to Huffman about the problems at the facility and never received a response. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the

civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). Absent the requisite personal involvement, the plaintiff has failed to state a claim against Defendant Huffman and he should be dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendant Brand Huffman be dismissed. Process shall issue for the two remaining defendants.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 25th day of August, 2011.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE